UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MILTON R., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C22-5392-MLP <br><br> ORDER |

## I.     INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in finding him capable of performing the lifting/carrying requirements of medium work, and in assessing two medical opinions. (Dkt. # 10 at 1.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for a finding of disability under sentence four of 42 U.S.C. § 405(g).

## II.     BACKGROUND

Plaintiff was born in 1959, has a 10th-grade education and a GED, and has worked as a door and truss builder. AR at 232, 607. Plaintiff was last gainfully employed in August 2018. *Id.* at 231.

ORDER - 1

In October 2018, Plaintiff applied for benefits, alleging disability as of August 3, 2018. AR at 193-205. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id*. at 105-13, 115-30. After the ALJ conducted a hearing in November 2019 (*id*. at 29-56), the ALJ issued a decision finding Plaintiff not disabled. *Id*. at 15-23.

The Appeals Council denied Plaintiff's request for review (AR at 1-6), but the U.S. District Court for the Western District of Washington granted the parties' stipulation to reverse the ALJ's decision and remand the case for further administrative proceedings. *Id*. at 672-73. The ALJ held another hearing in March 2022 (*id*. at 600-28), and subsequently issued a decision finding Plaintiff not disabled. *Id*. at 581-92. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d

1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV.  DISCUSSION

#### A.  The ALJ Erred in Discounting Plaintiff's Back-Related Limitations

Plaintiff alleged that his back pain caused various limitations, particularly lifting/carrying restrictions, during the entire adjudicated period and worsened since his December 2021 car accident. AR at 609-19. The ALJ noted that Plaintiff received primarily chiropractic care for his back pain, and did not take prescription pain medication. *Id*. at 586. The ALJ found that Plaintiff's conservative care, as well as his ability to independently manage his activities of daily living, walk for exercise, perform household chores, prepare meals, and fish, indicates that his conditions are not as limiting as he alleged. *Id*. at 589. Plaintiff argues that the ALJ failed to provide clear and convincing reasons to discount his alleged lifting/carrying limitations, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

The Court agrees with Plaintiff that the activities cited by the ALJ do not contradict Plaintiff's alleged lifting/carrying limitations. Plaintiff testified at the hearings that none of these activities required lifting more than 15-20 pounds (AR at 45-49, 609-19), which is consistent with what would be expected for these types of activities. The ALJ therefore erred in relying on Plaintiff's activities as a reason to discount his alleged lifting/carrying restrictions. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills").

   The ALJ also discounted Plaintiff's alleged back limitations because he had treated his chronic back conditions conservatively, with chiropractic treatments and no pain medication. AR at 586-87. But a spine surgeon told Plaintiff that he was not a surgical candidate (*id*. at 515), and it is not clear why the ALJ would expect Plaintiff to take prescription pain medications for chronic conditions. Plaintiff testified at the hearing that he disliked pain medication, but did take some medication for neuropathy caused by his spine conditions. *Id*. at 615-16. The ALJ questioned whether Plaintiff's course of treatment was appropriate (*id*. at 611-16), but it does not appear that Plaintiff's providers with medical expertise shared this concern. The record does not support the ALJ's finding that Plaintiff's treatment choices were inconsistent with the limitations he alleged, and thus the ALJ's reference to conservative treatment does not constitute a convincing reason to discount Plaintiff's allegations. *See, e.g.*, *Lapierre-Gutt v. Astrue*, 382 Fed. Appx. 662, 664 (9th Cir. Jun. 9, 2010) ("A claimant cannot be discredited for failing to pursue non-conservative treatment options where none exist.").

   Because the ALJ failed to provide clear and convincing reasons to discount Plaintiff's alleged lifting/carrying requirements, the ALJ erred in discounting this aspect of Plaintiff's testimony.

   **B.**  **The ALJ Erred in Assessing Medical Opinion Evidence**

   Plaintiff challenges the ALJ's assessment of two medical opinions, which the Court will address in turn.

    *1.*  *Legal Standards*

   Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). An

ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

>    2.    The ALJ Erred in Assessing the Opinions of Robin Sarner, M.D., and Phillip Padelford, D.C.

Dr. Sarner, Plaintiff's primary care physician, opined in October 2018 that Plaintiff could *inter alia* occasionally lift/carry 10 pounds and frequently lift/carry less than 10 pounds. AR at 312-13. Dr. Padelford, Plaintiff's treating chiropractor, opined in October 2019 that Plaintiff was unable to work for the next month based on spinal problems, and he indicated that he would reevaluate Plaintiff's ability to work after a month of treatment. *Id*. at 568. Dr. Padelford also indicated that at that time Plaintiff could seldom lift 10 pounds. *Id*.

The ALJ found both opinions to be unsupported, as well as inconsistent with the record, which references only conservative treatment and unremarkable cardiac examinations, and documents that Plaintiff was able to walk for exercise, independently manage his daily activities, prepare meals, and perform household chores. AR at 590-91.

The ALJ's supportability finding is erroneous because both opinions are well-supported. Dr. Padelford's opinion cites spinal palpation testing and range-of-motion testing, and was also informed by the spinal imaging that Dr. Padelford requested. *See* AR at 568-72. Dr. Sarner's opinion was supported by her contemporaneous treatment note (*id*. at 322-24) as well as her ongoing treatment relationship, wherein she treated Plaintiff's back pain and requested imaging that confirmed his conditions.

The ALJ's consistency finding is also erroneous because the ALJ primarily relied upon normal cardiac examinations as inconsistent with the opinions of Drs. Sarner and Padelford, but the lifting/carrying restrictions listed in these opinions were based on Plaintiff's spinal conditions. AR at 590. The ALJ acknowledged Plaintiff's thoracic spine compression fracture

ORDER - 5

(*id.*), but did not explain why this evidence was inconsistent with the opinions. To the extent that the ALJ also relied on Plaintiff's conservative care for his back pain and his "fairly robust" daily activities (*id*. at 590-91), this evidence fails to contradict the lifting/carrying restrictions in the medical opinions for the same reasons (explained *supra*) that it fails to contradict Plaintiff's alleged lifting/carrying restrictions.

Because the ALJ erred in finding the opinions of Drs. Sarner and Padelford to be unsupported and inconsistent with the record, the ALJ erred in finding the opinions to be unpersuasive.

### C.     Remand for a Finding of Disability is the Appropriate Remedy

Before remanding a case for a finding of disability, three requirements must be met. First, the ALJ must have "'failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). Second, the Court must conclude "'the record has been fully developed and further administrative proceedings would serve no useful purpose.'" *Id*. In so doing, the Court considers the existence of "'outstanding issues'" that must be resolved before a disability determination can be made. *Id*. (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014)). Third, the Court must conclude that, "'if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.'" *Id*. (quoting *Garrison*, 759 F.3d at 1021).

In this case, Plaintiff requests that the ALJ's errors in rejecting testimonial and opinion evidence be remedied by a remand for a finding of disability because the longitudinal evidence indicates that he cannot perform the lifting/carrying requirements of medium work, and if this

ORDER - 6

evidence is credited, he would be found disabled via application of Medical-Vocational Rule 202.06. (Dkt. # 10 at 15.) The ALJ himself acknowledged that if Plaintiff were limited to light work, Plaintiff would be found disabled under Rule 202.06. *See* AR at 54.

The Court agrees that the only evidence in the record suggesting that Plaintiff can perform the lifting/carrying requirements of medium work is the State agency opinions written before much of the medical evidence in the record was created, and the updated record contradicts the consultants' conclusions that Plaintiff's back impairments would not preclude medium work. Indeed, the Appeals Council drew the ALJ's attention to the longitudinal record suggesting that Plaintiff's conditions were more severe and limiting than the ALJ previously found, yet the ALJ's second decision reiterated many of those earlier findings. *See* AR at 677. Under these circumstances, an additional remand would serve no useful purpose because the record is fully developed and the Commissioner has, on two occasions already, erred in failing to account for the evidence contradicting the conclusion that Plaintiff can perform medium work.

Furthermore, the Court's review of the record does not raise any serious doubt as to whether Plaintiff is disabled. *See Garrison*, 759 F.3d at 1021. Accordingly, the Court remands this matter for a finding of disability.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for a finding of disability under sentence four of 42 U.S.C. § 405(g).

Dated this 6th day of December, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge